CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
March 5, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　-vs-<br><br>MICHAEL D. RODGERS, JR., ESTATE OF MICHAEL DONALD RODGERS and DOES 1-10,<br><br>　　　　　Defendants. | Case No.: 1:25cv11 |

## ORIGINAL COMPLAINT

Plaintiff, Transamerica Life Insurance Company ("Transamerica"), by and through its undersigned counsel, hereby files this Original Complaint against Defendant Michael Rodgers, and in support thereof, avers as follows:

### INTRODUCTION

1.　In this action, Transamerica seeks the return of $103,700.00 in life-contingent payments that were not due and owing under the terms of an annuity contract because the measuring life – Michael Donald Rodgers ("Mr. Rodgers") – had passed away, and neither his son, Michael D. Rodgers Jr., nor any other heir of the estate of Mr. Rodgers, timely notified Transamerica of his passing. Rather, Michael D. Rodgers Jr. and/or Mr. Rodgers' other heirs ultimately received a windfall of $103,700.00 to the detriment of Transamerica.

### PARTIES

2.　Transamerica is a corporation duly organized and existing under the laws of the State of Iowa with its principal place of business in Cedar Rapids, Iowa.

3.　The Estate of Michael Donald Rodgers (the "Estate"), upon information and belief,

was opened following Mr. Rodger's death in Virginia.

4. Michael D. Rodgers Jr. is an adult individual who resides at Oak Hill Academy, 2635 Oak Hill Road, Mouth of Wilson, VA 24363.

5. Does 1-10 are individuals whose identity is not yet known to Transamerica that received a portion of the Overpayment (as defined herein), but will likely be identified during this litigation. The true names and capacities, whether individual, corporate, partner, associate, agent, employee, or otherwise, of Does 1–10, inclusive, are unknown to Transamerica, which therefore sues such defendants by such fictitious names. Transamerica will amend this complaint to show the true names and capacities of the Doe defendants when it has ascertained the same.

6. Michael D. Rodgers Jr., the Estate, and Does 1-10 are referred to collectively herein as "Defendants".

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000.00) and Plaintiff is a citizen and has its principal place of business in Iowa and Defendant is a citizen of Virginia.

8. Venue is proper in this district under 28 U.S.C. § 1391, because Defendant Michael D. Rodgers, Jr., resides in and a substantial part of the property that is the subject of this action is situated in this judicial district.

## BACKGROUND

9. On April 23, 1991, Transamerica issued an annuity (no. 903131TO01Z) (the "Annuity") for the benefit of Mr. Rodgers. Under the terms of the Annuity, Mr. Rodgers became entitled to receive payments, including monthly payments of $1,700.00 commencing on December 15, 1990, and continuing for only so long as Mr. Rodgers was living, with a minimum of 240 payments guaranteed (the "Periodic Payments"). *See* Ex. 1, the Annuity.

10. In accordance with its obligation under the Annuity, Transamerica began issuing the Periodic Payments to Mr. Rodgers on December 15, 1990.

11. The monthly Periodic Payments were directly deposited into an account in Mr. Rodgers' name (account no. xxxxxxxx1179) (the "Account").

12. Unbeknownst to Transamerica, Mr. Rodgers' passed away on February 20, 2015.

13. Because Transamerica was not promptly advised of Mr. Rodgers' death, it unknowingly issued posthumous Periodic Payments into the Account from March 15, 2015 through March 5, 2020 totaling $103,700.00 (the "Overpayment").

14. Transamerica was neither required nor obligated to make the Periodic Payments that comprised the Overpayment into the Account because Mr. Rodgers was deceased at the time of the payments.

15. Upon learning of the Overpayment, Transamerica immediately stopped issuing payments under the Annuity and began demanding repayment of the Overpayment from Michael D. Rodgers Jr. True and correct copies of the letters sent by Transamerica are attached hereto as Exhibit 2 (the "Overpayment Correspondence").

16. The Overpayment has not been returned to Transamerica.

17. The Overpayment was never the property of nor owned by Michael D. Rodgers Jr., or the Estate nor did Michael D. Rodgers Jr. or the Estate or any others have any rights to the Overpayment at any point in time.

18. As a result of the above, Transamerica has been damaged by Defendant's failure to return the Overpayment to Transamerica and is entitled to recovery.

19. During the relevant time period, Does 1-10 also received all or a portion of the Overpayment.

20. Transamerica is the sole owner of the Overpayment and Does 1-10 were not entitled to receive or retain the Overpayment or any portion thereof.

21. Transamerica has also been damaged by Does 1-10's ongoing possession, control, and use of the Overpayment, as well as the refusal to return the Overpayment.

## COUNT I - UNJUST ENRICHMENT
### (All Defendants)

22. Transamerica hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

23. As a result of the improper retention of the $103,700.00 Overpayment by Defendants, Transamerica has conferred a measurable benefit upon Defendants to which they are not entitled.

24. Defendants are aware that they are not entitled to such funds, including because of correspondence from Transamerica to the Defendants alerting them to the Overpayment and the need to return the overpaid funds to Transamerica.

25. Defendants have enjoyed the benefit of said overpaid funds and have failed to return them to Transamerica despite its demand that they do so.

26. Defendants have received and retained such benefits under circumstances that make it inequitable and unjust for them to retain such benefits without payment of value.

27. Transamerica did not officiously or gratuitously confer such Overpayment.

28. Transamerica is entitled to restitution of the overpaid funds.

## COUNT II – CONVERSION
### (All Defendants)

29. Transamerica hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

30. Transamerica was only obligated to make the Periodic Payments under the Annuity if Mr. Rodgers was alive on the date each payment came due.

31. Following Mr. Rodgers' death on February 20, 2015, Transamerica was no longer obligated to issue any further Periodic Payments for the benefit of Mr. Rodgers or anyone else, including Defendants.

32. As a result of the failure by Defendants, or any other heir or representative, to timely to notify Transamerica of Mr. Rodgers' death, Defendants ultimately received the Overpayment.

33. Defendants' repeated conversion of the Overpayment continuously violated the terms of the Annuity and constitutes a single injury recoverable in whole.

34. The Overpayment is, rightfully, Transamerica's property.

35. Upon learning of Mr. Rodgers' death, Transamerica immediately sought reimbursement of the Overpayment. *See* Ex. 2. Despite these demands for return of the Overpayment, Defendants have failed to return the Overpayment to Transamerica and remains in possession of the Overpayment.

36. Defendants have deprived Transamerica of, and interfered with Transamerica's rights to, the $103,700.00 Overpayment received from Transamerica by refusing and failing to return the funds to Transamerica.

37. Defendants have no right to the Overpayment, which is the property of Transamerica.

38. Defendants converted the Overpayment to their own benefit and use. This use of the Overpayment is in defiance of the rights of the true owner – Transamerica.

39. Transamerica has been damaged by Defendants' refusal to return the overpaid funds.

40. The actions of Defendants constitute conversion of Transamerica's property.

## COUNT III - MONEY HAD AND RECEIVED
### (All Defendants)

41. Transamerica hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

42. Defendants ultimately received from Transamerica the Overpayment which is comprised of Periodic Payments that were contingent on the life of Mr. Rodgers, and were not due and owing under the Annuity following the death of Mr. Rodgers.

43. Transamerica was only obligated under the Annuity to issue the monthly Periodic Payments if Mr. Rodgers was alive.

44. Upon information and belief, Defendants wrongfully exercised dominion and control over the Overpayment, and used the Overpayment for their own personal use and, thereby, directly benefited from their receipt and retention of the Overpayment.

45. Under principles of equity and good conscience, Defendants should not be permitted to keep any of the Overpayment.

46. Defendants are obligated to return said funds to Transamerica.

## COUNT IV – PUNITIVE DAMAGES
### (All Defendants)

47. Transamerica hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

48. Upon information and belief, Defendants continue to have access to the Overpayment funds.

49. Transamerica has made repeated demands of Defendants to repay the

Overpayment, which Defendants have failed and refused to do. True and correct copies of each letter sent by Transamerica is attached hereto as Exhibit 2.

50. Defendants conduct amounts to an intentional and knowing refusal to return the Overpayment to Transamerica, whom is the rightful owner of the property.

### COUNT V – DECLARATION THAT THE OVERPAYMENT IS THE PROPERTY OF TRANSAMERICA AND TRANSAMERICA IS THEREFORE ENTITLED TO THE FUNDS
**(All Defendants)**

51. Transamerica hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

52. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits "any court of the United States, upon the filing of an appropriate pleading, [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

53. The terms of the Annuity very clearly limited the monthly periodic payments to the date of the death of the measuring life, Mr. Rodgers.

54. Mr. Rodgers passed away on February 20, 2015.

55. Because Transamerica was not promptly advised of Mr. Rodgers' death, it unknowingly issued the Overpayment into the Account.

56. As a result, there is a current, existing controversy between Transamerica and Defendants regarding whether the overpayment is the property of Transamerica and must be returned or whether Defendants may retain the Overpayment in relation to this Annuity.

57. Transamerica is entitled to a judicial declaration that the Overpayment is the property of Transamerica and therefore, Transamerica is entitled to the Overpayment.

**WHEREFORE**, Transamerica requests that judgment be entered against Defendants for

actual damages in the amount of $103,700.00, plus punitive damages, interest, reasonable costs, including attorneys' fees, and such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 5, 2025

By: */s/ Dawn B. Williams*
Dawn B. Williams
Virginia Bar No. 71560
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Telephone: 202-842-8800
Email: dawn.williams@faegredrinker.com

*Attorney for Plaintiff Transamerica Life Insurance Company*